EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
Plaintiff,

v.

LEE'S LOG CABIN,
INCORPORATED,
Defendant.

No. 05–C–0507–C.

United States District Court,
W.D. Wisconsin.

June 23, 2006.

Robert F. Tomlinson, for Plaintiff.

## OPINION AND ORDER

CRABB, District Judge.

Plaintiff Equal Employment Opportunity Commission filed this lawsuit against defendant Lee's Log Cabin, Incorporated, on behalf of Korrin Krause Stewart[1]. In the complaint, plaintiff contends that defendant violated Title I of the Americans with Disabilities Act, 42 U.S.C. § 12112(a) and (b) by refusing to hire Stewart because she has HIV. Jurisdiction is present. 28 U.S.C. § 1331.

This matter is presently before the court on defendant's motion for summary judgment. The motion will be granted because plaintiff has failed to show that Stewart suffered from a "disability" as defined in the Americans with Disabilities Act.

In determining the material and undisputed facts, I have disregarded those proposed findings of fact and responses that constituted legal conclusions, were argumentive or irrelevant, were not supported by the cited evidence or were not supported by citations specific enough to alert the court to the source for the proposal. I also disregarded those proposed findings of fact that were inadmissible because they were based on hearsay. From the parties' proposed findings of fact, I find the following to be material and undisputed.

## UNDISPUTED FACTS

### A. *Parties*

Plaintiff Equal Employment Opportunity Commission is the federal agency charged with enforcement of Title I of the Americans with Disabilities Act (ADA). Defendant Lee's Log Cabin is a restaurant incorporated and operating in Wisconsin and is an employer subject to the ADA. Plaintiff brought this action on behalf of Korrin Krause Stewart, a twenty-one year old female resident of Wisconsin.

### B. *Stewart's Job Application*

Defendant established job requirements for each position in the restaurant. The job description for waitresses included a requirement that the employee be able to transport and carry objects weighing 25 to 30 pounds (such as service trays, bus tubs and garbage cans) up to 20 or more times during each shift. Defendant employs a waitress who is unable to perform the lifting requirements because she cannot lift "heavy weights" over her head. At the time that she was hired, this employee had 25 years of experience as a waitress.

On March 8, 2004, Stewart met with one of defendant's employees (Curtis Zastrow, assistant manager) and completed an application for a waitressing position. One of the questions on the application was: "Are there any job duties that you would be unable to perform?" Stewart answered that she could not lift more than 10 pounds. To the question, "Is there anything we could do to accommodate you so you could perform all of the required job duties?" Stewart answered "No." (Stewart asserts that when she filled out the application she told Zastrow that her lifting restriction was temporary. Zastrow denies that Stewart told him this. Con-

---

**1.** When this lawsuit was filed her name was Korrin Krause; she has since married and changed her name to Korrin Krause Stewart.

versely, Zastrow asserts that at the time Stewart filled out the application he told her the lifting restriction would make her ineligible for employment as a waitress, but Stewart disputes that Zastrow ever said that.)

On or about April 15, 2004, Stewart spoke with Zastrow because she had not received a response to her application. Zastrow told Stewart that the owner was out of town and asked her whether "she was the girl from Quality Foods." (The Equal Employment Opportunity Commission had filed a lawsuit against Quality Foods for terminating Stewart when it learned she had HIV.) Stewart asked Zastrow for her application so she could add her experience as a dishwasher. When Stewart saw her application she saw that "HIV+" was written on it. Stewart asked Zastrow whether she could take her application and he allowed her to do so.

Dean Lee, the owner of defendant Lee's Log Cabin, was in charge of all hiring decisions and he decided not to hire Stewart. Stewart indicated on her application that she had prior work experience as a bartender, cashier and dishwasher. She also indicated that she had worked as a "server" at Arby's (a fast-food self-serve restaurant). Two waitresses who were hired before Stewart submitted her application did not have prior waitressing experience. Three individuals were hired after Stewart submitted her application, all of whom had prior waitressing experience and none of whom indicated that they had a lifting restriction that could not be accommodated.

When Lee reviewed Stewart's application, he saw the "HIV+" notation on it. Zastrow told Lee that he had written "HIV +" on Stewart's application because Stewart had volunteered the information to him when she filled out the application. (Stewart denies having told Zastrow that she had HIV). When Lee saw the "HIV+" reference on Stewart's application he did not think that her HIV status affected any of her major life activities. As far as Lee knew, Stewart, who was also a frequent customer of the restaurant, had no limitations other than the 10–pound lifting restriction that she disclosed on her application.

### C. Stewart's Medical History

Stewart was diagnosed with HIV at age fourteen and with AIDS shortly thereafter. Having AIDS severely restricts her ability to participate in normal day-to-day activities. Simple household tasks take almost a full day because she must stop to rest between tasks. She is unable to walk for more than a mile or to engage in exercise such as riding a bicycle. She must rest for several hours in the afternoon in order to function throughout the day because of her fatigue. She suffers from activity-induced asthma, which is exacerbated because she cannot take asthma medication because she has AIDS. Her AIDS medication causes acute nausea, including occasional vomiting and chronic diarrhea. Stewart is impaired in her ability to eat, digest and metabolize food. She faces serious limitations in the areas of self-care, relating to others and reproduction.

### DISCUSSION

The Americans with Disabilities Act mandates that:

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 USC § 12112(a).

In enacting the Americans with Disabilities Act, Congress intended to level the

playing field for disabled persons. *Siefken v. Village of Arlington Heights,* 65 F.3d 664, 666 (7th Cir.1995). Although the Act provides disabled persons with a wide latitude of protection against discrimination, it "does not erect an impenetrable barrier around the disabled employee, preventing the employer from taking any employment actions vis-à-vis the employee." *Id.*

■ In order to prove disability discrimination under the ADA, the EEOC must show that the person on whose behalf the commission is suing (1) is disabled within the meaning of the ADA; (2) is qualified to perform the essential functions of the job; and (3) suffered from an adverse employment action because of her disability. *Nese v. Julian Nordic Construction Co.,* 405 F.3d 638, 641 (7th Cir.2005).

In the complaint, plaintiff alleged that defendant "failed to hire Korrin Krause ... after learning that she was human immunodeficiency virus (HIV) positive." Cpt., dkt. # 2 at 1. In the Joint Rule 26(f) Report, dkt. # 5 at 1, plaintiff identified the "Material Factual and Legal Issue to be Resolved at Trial" as "[w]hether Defendant discriminated against Krause because of her HIV status, when it failed to hire her for a waitress position." However, in its brief in opposition to defendant's motion for summary judgment, dkt. # 25, defendant introduces the novel argument that defendant discriminated against Stewart because she had AIDS. Having AIDS and being HIV positive are not synonymous. In *Bragdon v. Abbott,* 524 U.S. 624, 118 S.Ct. 2196, 141 L.Ed.2d 540 (1998), the United States Supreme Court provided a thorough discussion of a patient's progression from infection with HIV to developing full-blown AIDS. A person can be infected with HIV for as long as eleven years before developing AIDS and her symptoms may vary widely during that time. *Id.* at 635–36, 118 S.Ct. 2196 (citing Cohen &

Volberding, *AIDS Knowledge,* 4.1–4, 4.1–8).

■ Plaintiff's argument that Stewart's disability was having AIDS, not being HIV positive, is a gross departure from what it alleged in the initial stages of this lawsuit and it comes too late. Plaintiff cannot amend its pleading to allege an entirely new cause of action when trial is only one month away. Moreover, even if this court could entertain plaintiff's claim that defendant discriminated against Stewart because she had AIDS, the claim would fail at the outset because plaintiff has adduced no evidence to show that defendant knew that Stewart had AIDS. As a simple matter of logic, "an employer cannot be liable under the ADA for [taking an adverse action against] an [individual] when it indisputably had no knowledge of the disability." *Hedberg v. Indiana Bell Telephone Co., Inc.,* 47 F.3d 928, 932 (7th Cir.1995).

■ The only claim properly before the court is that defendant discriminated against Stewart because she had HIV. It is undisputed that defendant knew that Stewart had HIV at the time of its decision not to hire her. Thus, the question is whether having HIV rendered Stewart "disabled" for purposes of the ADA. The ADA defines "disability" as follows:

(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;

(B) a record of such an impairment; or

(C) being regarded as having such an impairment.

42 U.S.C. § 12102(2).

■ "To qualify as disabled under subsection (A) of the ADA's definition of disability, a claimant must initially prove that he or she has a physical or mental impairment." *Toyota Motor Manufacturing,*

*Kentucky, Inc. v. Williams,* 534 U.S. 184, 194, 122 S.Ct. 681, 151 L.Ed.2d 615 (U.S. 2002). The Supreme Court has held that HIV infection satisfies the definition of a "physical impairment," regardless whether it has developed into AIDS. *Bragdon,* 524 U.S. at 637, 118 S.Ct. 2196. However, "having an impairment does not make one disabled for purposes of the ADA. Claimants also need to demonstrate that the impairment limits a major life activity." *Toyota Motor,* 534 U.S. at 194, 122 S.Ct. 681. The determination whether an impairment limits a major life activity is made on a case-by-case basis. *Id.* at 198, 122 S.Ct. 681 (noting that in *Bragdon,* the court declined to consider whether HIV infection is per se disability under ADA). In *Bragdon,* the court had sufficient evidence before it to conclude that plaintiff's HIV infection substantially limited her in the major life function of reproduction. *Bragdon,* 524 U.S. at 637, 118 S.Ct. 2196. In the present case, however, plaintiff has adduced no evidence regarding the impact of HIV on any of Stewart's major life activities. (Instead, it provided facts pertaining only to the impact of AIDS on Stewart). No reasonable jury could conclude from the evidence plaintiff has adduced that having HIV substantially limited one or more of Stewart's major life activities.

Plaintiff has also failed to prove that Stewart had a disability under sections (B) and (C) of 42 USCS § 12102(2) ("a record of such an impairment" and "being regarded as having such an impairment"). Having a "record of *such* an impairment" (emphasis added) requires that the impairment "substantially limits one or more of the major life activities of such individual." *Davidson v. Midelfort Clinic, Ltd.,* 133 F.3d 499, 509 (7th Cir.1998) (Section 12102(2)(B) "extends the coverage of the ADA to persons who 'have a history of, or have been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities' ") (quoting 29 C.F. R. § 1630.2(k)). As explained above, plaintiff has not shown that having HIV substantially limited one or more of Stewart's major life activities.

To establish liability under section (C), "a plaintiff must prove that either: (1) the employer mistakenly believes the employee has a physical impairment that substantially limits a major life activity; or (2) the employer mistakenly believes that an actual, nonlimiting impairment substantially limits a major life activity." *Nese,* 405 F.3d at 641 (citing *Amadio v. Ford Motor Co.,* 238 F.3d 919, 925 (7th Cir.2001)). Plaintiff has made neither showing.

No reasonable jury could conclude from the evidence plaintiff has adduced that having HIV rendered Stewart disabled, as that term is defined in the Americans with Disabilities Act. Because plaintiff has failed to make this threshold showing, its claim that defendant discriminated against Stewart because of her disability must fail. (It is questionable whether plaintiff could prove that Stewart was a "qualified individual" in light of her inability to lift more than 10 pounds or suggest an accommodation, but it is unnecessary to reach that question.) Defendant's motion for summary judgment will be granted.

## ORDER

IT IS ORDERED that defendant Lee's Log Cabin, Inc.'s motion for summary judgment is GRANTED. The clerk of court is directed to enter judgment for defendant and close this case.